UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE THE MATTER OF 80 WALNUT STREET, UNIT 401, CANTON, MASSACHUSETTS, 02021 | ) ) ) Case No. ) ) ) |

04 MBD 10308

**UNITED STATES' EX PARTE APPLICATION FOR A PRE-INDICTMENT TEMPORARY RESTRAINING ORDER PURSUANT TO 18 U.S.C. §982(b)(1)**

The United States, by and through Michael J. Sullivan, the United States Attorney for the District of Massachusetts, hereby applies to this Court, pursuant to 18 U.S.C. §982(b)(1) (incorporating the provisions of 21 U.S.C. §853(e)(2)) for the entry of a pre-indictment temporary restraining order to preserve the availability of the following property for forfeiture:

> the real property located at 80 Walnut Street, Unit 401, Canton, Massachusetts, as more fully described in the deed recorded in the Norfolk County registry of deeds, on September 25, 2000 deed, at book 14423, page 104 in the name of Abdul Aziz Quaraishi (the Walnut Street Condo).

As detailed in the attached affidavit of Special Agent Colleen Forgetta, the United States is currently conducting a criminal investigation and, in the near future, anticipates seeking a criminal indictment, in part charging the record owner of the Walnut Street Condo, Abdul Aziz Quraishi a/k/a Quaraishi (Aziz) with violating 8 U.S.C. §1324(a)(1)(A)(iv), by encouraging or inducing an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such

coming to, entry, or residence is or will be in violation of law,. Because the Walnut Street Condo was used as a place for aliens to reside in violation of the statute, the indictment is expected to also include a forfeiture allegation, alleging, in the event of Aziz's conviction, that the Walnut Street Condo would be subject to criminal forfeiture pursuant to 18 U.S.C. §982(a)(6)(A)(ii)(II), as property, real or personal, "that is used to facilitate, or is intended to be used to facilitate the commission of an offense [pursuant to 8 U.S.C. §1324(a)]."

Because, as set forth below and, in more detail, in the attached affidavit of Special Agent Forgetta, there is probable cause to believe that the Walnut Street Condo would be forfeitable in the event of Aziz's conviction, and because notice to Aziz would jeopardize the availibility of the Walnut Street Condo for forfeiture, the United States seeks a pre-indictment temporary restraining order. In support of this application, the United States states as follows:

1. Criminal forfeitures under 8 U.S.C. §1324(a) are governed by 21 U.S.C. §853, as incorporated by 18 U.S.C. §982(b)(1). Pursuant to 21 U.S.C. §853(e)(1), upon the application of the United States, this Court is authorized to enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture. See United States v. Monsanto, 491 U.S. 600, 615 (1989)(discussing pre-trial

restraining orders under §853).

2. Prior to the filing of an indictment, in order to assure the availability of property for forfeiture upon conviction, 21 U.S.C. §853(e)(2), provides a mechanism for the issuance of an ex parte temporary restraining order. Specifically, section 853(e)(2) provides:

> A temporary restraining order under this subsection may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section and that provision of notice will jeopardize the availability of the property for forfeiture. Such a temporary order shall expire not more than 10 days after the date on which it is entered, unless extended for good cause shown or unless the party against whom it is entered consents to an extension for a longer period. . . .

See United States v. Real Property in Waterboro, 64 F.3d 752, 754-55 (1st Cir. 1995) (discussing pre-indictment restraining orders)

3. Section 853(e)(2) establishes two prerequisites for the entry of an ex parte pre-indictment temporary restraining order: (1) there is probable cause to believe the property the United States seeks to restrain would, upon conviction, be subject to forfeiture; and (2) prior notice to the subjects or those with custody of the property will jeopardize the availability of the property for forfeiture. Both of these requirements are satisfied

3

in the present case.

4. Section 982(a)(6)(A) of United States Code, Title 18, provides that the Court, in imposing sentence on a person convicted of a violation of the provisions of 8 U.S.C. §1324(a) shall order that person to forfeit to the United States any property real or personal that is used to facilitate, or is intended to facilitate, the commission of the offense. Probable cause to believe the Walnut Street Condo would, in the event of Aziz's conviction, be subject to forfeiture under 18 U.S.C. §982(a)(6)(A) is established by the facts set forth in the affidavit of Special Agent Forgetta, attached to this application and incorporated herein by reference. Specifically, there is probable cause to believe that since approximately 2001, the Walnut Street Condo has been used as a place for aliens to reside, knowingly, or in reckless disregard of the fact, that those aliens were in the United States in violation of law.

5. In addition, as set forth in the attached affidavit of Special Agent Forgetta, prior notice of this application for a restraining order and the opportunity for a hearing would jeopardize the availability of the property for forfeiture. Because the United States has already executed a search warrant at Megasystems, Inc., the company of which Aziz is the Chief Operating Officer, and has taken Aziz's statements, Aziz is aware of this investigation. In recent conversations, Aziz has discussed selling the Walnut Street Condo to avoid further trouble with law

4

enforcement. In addition, since the mortgage on the Walnut Street Condo had been discharged, Aziz could encumber the property by taking out a lien. If the property is sold or encumbered, the proceeds could easily be withdrawn, transferred, or otherwise made unavailable for forfeiture pending the entry of a restraining order after notice and the opportunity for a hearing.

6. The temporary restraining order will expire after 10 days without further review by this Court or the consent of the owner of the Walnut Street Condo. Within 10 days of the entry of the temporary restraining order sought by this application, if an indictment has not yet been returned, the United States will either file an application for a 90-day pre-indictment restraining order, pursuant to 21 U.S.C. §853(e)(1)(B), or secure the consent of the property owner to an extension of the temporary restraining order until after the indictment is returned.

WHEREFORE, the Government respectfully requests this Court to enter a temporary restraining order to prohibit, enjoin and restrain Aziz, or any other person acting on his behalf from attempting or completing any action that would affect the availability of the Walnut Street Condo for forfeiture, including selling, encumbering, otherwise reducing the value of the Walnut Street Condo. The United States further requests, on issuance of a temporary restraining order in the form attached, that this Court direct the United States to serve a copy of the temporary restraining order on Aziz, and any other person with an interest in



the Walnut Street Condo.

A proposed form of order is attached.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN,
                                      United States Attorney

                            By:  _____
                                      Jennifer H. Zacks
                                      Assistant U.S. Attorney
                                      1 Courthouse Way, Suite 9200
                                      Boston, MA  02210
                                      (617) 748-3100

                          _____
                          Date:    October 28 2004