UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE THE MATTER OF 80 WALNUT    )
STREET, UNIT 401, CANTON,         )
MASSACHUSETTS, 02021              ) Case No.
                                  ) 04 MBD 10308
                                  )
                                  )

**TEN-DAY TEMPORARY RESTRAINING ORDER**

The United States has made an *ex parte* application before this Court, pursuant to 21 U.S.C. §853(e)(2), for a temporary restraining order to preserve the availability of the following property that is potentially subject to forfeiture to the United States:

> the real property located at 80 Walnut Street, Unit 401, Canton, Massachusetts, as more fully described in the deed recorded in the Norfolk County registry of deeds, on September 25, 2000 deed, at book 14423, page 104 in the name of Abdul Aziz Quaraishi (the Walnut Street Condo)

Upon consideration of the Government's application and the evidence set forth in the attached affidavit of Special Agent Colleen Forgetta, this Court makes the following findings:

1. Pursuant to 21 U.S.C. §853(e)(1), this Court is authorized to enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture.

2. Pursuant to 21 U.S.C. §853(e)(2), this Court may enter an *ex parte* ten-day temporary restraining order if the United States

demonstrates probable cause to believe the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture and that provision of notice will jeopardize the availability of the property for forfeiture.

3. There is probable cause to believe the Walnut Street Condo represents property used to facilitate or intended to be used to facilitate a violation of 8 U.S.C. §1324(a)(1)(A)(iv), encouraging or inducing an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law, and, therefore, would, in the event of conviction of its record owner, Abdul Aziz Quraishi a/k/a Quaraishi (Aziz), be subject to forfeiture to the United States pursuant to 18 U.S.C. §982(a)(6)(A).

4. Provision of notice of the United States' request for this restraining order to the owner of the Walnut Street Condo would jeopardize the availability of the property for forfeiture.

ACCORDINGLY, IT IS ORDERED, ADJUDGED, AND DECREED, that Abdul Aziz Quraishi and any other persons acting on his behalf are prohibited, enjoined, and restrained from attempting or completing any action that would affect the availability of the above-identified property including, but not limited to, alienating, assigning, pledging, distributing, encumbering, wasting, or otherwise disposing of, or removing all or any part of his

interest, direct or indirect, in the subject property.

IT IS FURTHER ORDERED that the United States or its agent shall serve a copy of this temporary restraining order forthwith upon Abdul Aziz Quraishi, and any other persons with an interest in the above-described property, and make a return thereof to this Court.

IT IS FURTHER ORDERED that this temporary restraining order shall expire within ten days from the date of its entry, unless extended for good cause shown or unless the party(ies) against whom it is entered consent(s) to an extension for a longer period.

IT IS FURTHER ORDERED that in the event a hearing is requested concerning this Temporary Restraining Order or its conversion to a ninety-day restraining order under 21 U.S.C. §853(e)(1)(B), said hearing shall be held on the tenth day following the entry of this order.

Dated: 10/28/04

_____
Nathaniel M. Gorton
United States District Judge